IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIFFANY CHANDLER                                                                      PLAINTIFF

v.                          Civil No. 10-5207

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Tiffany Chandler, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental insurance ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The plaintiff filed her application for SSI on November 12, 2008, alleging disability since September 24, 2008, due to an ankle injury, a hip injury, a knee disorder, depression, anxiety, insomnia, and attention deficit hyperactivity disorder ("ADHD"). Tr. 90, 127-136, 159, 178-179, 195-197, 206-210, 213. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 81-84, 90-93. An administrative hearing was held on May 20, 2010. Tr. 36-68. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 29 years old and possessed the equivalent of a high school education. Tr. 22. She had completed two years of beauty school, but never obtained her license. Tr. 163. Plaintiff had past relevant work experience as convenience store clerk and contract cleaner. Tr. 66, 160, 165-170.

On July 8, 2010, the ALJ found Plaintiff's status post-fracture of her right ankle and mood disorder were severe impairments, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-13. After partially discrediting plaintiff's subjective complaints, he determined Plaintiff could perform sedentary work that required her to sit for six hours and stand and walk for two hours during an eight-hour workday. Tr. 13-16. He also found Plaintiff incapable of climbing and balancing and working near unprotected heights and moving machinery, but capable of occasionally stooping, kneeling, crouching, and crawling. The ALJ also determined that Plaintiff's mental impairments allowed her to perform work where the interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as a lamp shade assembler, compact assembler, shoe buckler and lacer, an addresser, and an escort vehicle driver. Tr. 17-18.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 7, 2010. Tr. 1-3. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 15.

**II.   Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)-(f)(2003). Only if the final

stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.　Discussion:

The undersigned notes that Plaintiff filed prior applications for both Title II and Title XVI benefits in October 2006, alleging disability since October 2005. Tr. 9, 58, 63-64. Following an administrative hearing, the ALJ entered an unfavorable decision on September 24, 2008. Tr. 68. In April 2010, the matter was appealed to this Court (civil docket no. 5:10-CV-05064), and an Order reversing and remanding the matter was entered on June 17, 2011. ECF Nos. 11, 12.

At the onset, the undersigned realizes that the time period relevant to the application currently before the Court differs from the time period in question in Plaintiff's previous application. However, due to the deteriorating nature of Plaintiff's ankle injury, it is clear that much of the evidence presented in the first case is also relevant to the present case. Therefore, after reviewing the record currently before this court, the undersigned is of the opinion that this matter should also be remanded to the ALJ for further consideration of the evidence.

We note that the RFC assessment determined by the ALJ is based on the assessments of a non-examining, consultative physician and a one time consultative examination with an orthopedist and does not properly take into consideration the assessments of Plaintiff's treating orthopedic specialists, Drs. Jason Pleimann and Dean Bright. Tr. 445-452, 422-425. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence); *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (holding that Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion

of a source who is not a specialist). The opinion of a treating physician is accorded special deference and should be granted controlling weight when, as here, it is well-supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000).

Dr. Pleimann opined that Plaintiff would be unable to walk more than 100 feet without stopping to rest and indicated that he did not expect her condition to improve over time. Tr. 402. Dr. Bright concluded that Plaintiff could only walk for thirty minutes at a time for a total of an hour or less during an eight-hour workday and could not climb, balance, kneel, crouch, stoop, balance, crawl, push, or pull. Tr. 423-425. The ALJ concluded that Plaintiff could stand and walk for two hours during an eight-hour workday and occasionally stoop, kneel, crouch, and crawl. And, we note that a person's ability to stoop greatly impacts their ability to perform sedentary work. *See Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992) (person would need to stoop only occasionally to perform substantially all sedentary and light jobs); Social Security Rule No. 83-14 at 6 (1983); Social Security Rule No. 85-15 at 18 (1985).

Remand is also necessary because the ALJ failed to consider the progressive nature of Plaintiff's avascular necrosis of the right ankle. *See Bowman v. Barnhart*, 310 F.3d 1080, 1084 (8th Cir. 2002) (holding that substantial evidence did not support the ALJ's determination where he did not properly consider the progressive nature of Plaintiff's impairments). "Avascular necrosis is the death of bone tissue due to a lack of blood supply. Also called osteonecrosis, avascular necrosis can lead to tiny breaks in the bone and the bone's eventual collapse." *See* Mayo Clinic, *Avascular Necrosis*, http://www.mayoclinic.com/health/avascular-necrosis/DS00650 (last visited March 6, 2012). Drs. Pleimann and Martinson indicated that Plaintiff's only treatment option was eventual surgery to fuse her ankle, but they could not say how successful this procedure would actually be

5

for her.  Accordingly, they recommended she wait as long as possible before proceeding with the surgery.  Tr. 404-405.  And, all doctors agreed that the Plaintiff would ultimately have to walk with a cane.  In reviewing the ALJ's opinion, it is clear that he did not properly take this into consideration.  Accordingly, this matter will be remanded to the ALJ for further consideration.

## IV.    Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of March 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE